# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CARR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 3124 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| AVON PRODUCTS, INC., HARBOR QUEST, INC. and MARIO MOLINA, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for their alleged violations of Title VII and the Illinois Human Rights Act, assault and battery and intentional infliction of emotional distress. Defendants have filed motions to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6). For the reasons set forth below, the Court denies Harbor Quest's motion and grants Avon's motion.

## Facts

On March 1, 2008, plaintiff started to work for defendant Harbor Quest, which is a staffing agency. (Compl. ¶ 24.) On March 3, 2008, Harbor Quest placed plaintiff with Avon as an assembly line worker. (*Id.* ¶ 25.) In April 2008, plaintiff became eligible for permanent employment with Avon. (*Id.* ¶¶ 31, 33.)

In August 2008, plaintiff met defendant Molina, who was a mechanic at the Avon facility. (*Id.* ¶¶ 18, 34.) On various occasions between August 2008 and January 2009, Molina touched plaintiff inappropriately. (*Id.* ¶¶ 35-43.)

On January 8, 2009, plaintiff reported Molina's conduct to his Harbor Quest supervisor Haywood Jones, who told plaintiff's Avon supervisor, Sean Liao, about plaintiff's complaint. (*Id.* ¶¶ 19-20, 22-23, 43-48.) A few hours later, Molina confronted plaintiff about the complaint and tried to goad him into a fight. (*Id.* ¶¶ 49-50.) Before plaintiff could report Molina's conduct, he was told by Liao that Molina had complained that plaintiff had physically threatened him. (*Id.* ¶ 53.) Though plaintiff denied Molina's claim, Liao recommended that Jones suspend plaintiff, and he did. (*Id.* ¶¶ 54-56.)

The next day, Harbor Quest employee Bill Schwartz called plaintiff and told him that he could no longer work at Avon and Harbor Quest had no other positions for him. (*Id.* ¶¶ 58-62.)

## **Discussion**

In this case, the Rule 12(b)(1) and (6) motions are subject to the same standard; that is, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2002). "[A] complaint attacked by a Rule 12[] motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Harbor Quest contends that the Court lacks jurisdiction over the Illinois Human Rights Act ("IHRA") claims because the statute, as amended in 2008, gives exclusive original jurisdiction to the Human Rights Commission ("Commission") and the state circuit courts. *See* 775 Ill. Comp. Stat. 5/7A-102(C)(4) ("[T]he complainant . . . [has a] right to seek review of the dismissal before the

2

Human Rights Commission or commence a civil action in the appropriate circuit court."); *id.* 5/71-102(D)(3) (same); *id.* 5/71-102(F)(2) ("If the complainant chooses to commence a civil action in a circuit court, he or she must do so in the circuit court in the county wherein the civil rights violation was allegedly committed."); *id.* 5/71-102(G)(2) ("[T]he complainant shall have 90 days to either file his or her own complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court."); *id.* 5/8-111(D) (2008) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). In other words, Harbor Quest argues that the statute precludes the Court from exercising supplemental jurisdiction over plaintiff's IHRA claims.

The Seventh Circuit has not addressed this issue, though one district court has held that supplemental jurisdiction exists and several others have assumed that it does. *See Yucus v. Peoples Nat'l Bank*, No. 09-609-GPM, 2010 WL 1416140, at *2 (S.D. Ill. Apr. 1, 2010) (reaching that holding); *see also Metyk v. Belle-Aire Fragrances, Inc.*, No. 10 C 4798, 2010 WL 3521873, at *1 (N.D. Ill. Aug. 31, 2010) (assuming that jurisdiction exists but declining to exercise it); *Glemser v. Sugar Creek Realty, Inc.*, No. 09-3321, 2010 WL 375166, at *2 (C.D. Ill. Jan. 26, 2010) (stating, without analysis that "[t]he Court has supplemental jurisdiction over Plaintiff's Human Rights Act"); *Clark v. Moline Pub. Library*, No. 09-4054, 2010 WL 331726, at *3 (C.D. Ill. Jan. 26, 2010) ("[The] IHRA claim would appear to be amenable to the exercise of supplemental jurisdiction."); *Alexander v. Ne. Ill. Univ.*, 586 F. Supp. 2d 905, 910-11 (N.D. Ill. 2008) (assuming that supplemental jurisdiction exists).

Moreover, the Ninth Circuit recently rejected a similar argument in *BNSF Railway Co. v. O'Dea*, 572 F.3d 785 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1099 (2010). In that case, BNSF,

3

which had been found liable for discriminating against O'Dea by the Montana Human Rights Commission, sought review of that decision in federal court. *Id.* at 787. O'Dea argued, and the district court held, that there was no diversity jurisdiction over the suit because the governing state statute required that the suit be filed in state court. *Id.* at 788. BNSF appealed, and the Ninth Circuit reversed, saying:

> A state cannot confer rights upon private parties and require that litigation between those parties must be confined to the courts of the state itself. . . .
>
> In determining jurisdiction, district courts of the United States must look to the sources of their power, Article III of the United States Constitution and Congressional statutory grants of jurisdiction, not to the acts of state legislatures. However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction.

*Id.* at 788-89 (quotation omitted).

The same is true here. The Court's supplemental jurisdiction is defined by 28 U.S.C. § 1367, not the IHRA. Section 1367 states that the Court has jurisdiction over state claims "that are so related to claims . . . within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's IHRA claims satisfy that standard. Thus, the Court has supplemental jurisdiction over them and, at this point, no reason not to exercise it. *See* § 1367(c)(1)-(4) (setting forth the bases for declining to exercise supplemental jurisdiction). Harbor Quest's motion to dismiss is, therefore, denied.

Avon asks the Court to dismiss the assault and battery and intentional infliction of emotional distress ("IIED") claims plaintiff asserts against it, arguing that they are preempted by the IHRA. That Act preempts any state or common law claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). In the words of the Seventh Circuit:

4

> The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached; that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it.

*Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) (quotations omitted). Thus, if plaintiff's claims "rest[] not just on behavior that is sexually harassing, but rather behavior that would be a tort [regardless of defendant's] motives," they are not preempted. *Id.* at 605.

Such is the case here. Even if the IHRA's prohibition on sexual harassment did not exist, plaintiff's allegations that, over a five-month period, Molina: (1) repeatedly touched plaintiff's arms, put his arms around plaintiff's waist and touched or squeezed plaintiff's buttocks, despite plaintiff's objections; (2) said plaintiff was a closeted homosexual and told plaintiff that he wanted to "f*** the s*** out of him"; (3) threatened plaintiff physically after plaintiff reported his conduct to management; and (4) falsely told management that plaintiff had threatened him, which caused plaintiff to be fired, harmed his reputation and inflicted emotional and financial harm on him, would still state assault, battery and IIED claims. *See Cohen v. Smith*, 648 N.E.2d 329, 332-34 (Ill. App. Ct. 1995) (setting forth the elements of those claims). Accordingly, these tort claims are not preempted by the IHRA.

Alternatively, Avon argues that they are preempted by the Illinois Workers' Compensation Act, which bars employees from asserting common law claims against their employers for an injury: (1) that was accidental; (2) arose from, and was received during the course of, their employment; or (3) is compensable under the Act. *Meerbrey v. Marshall Field & Co., Inc.*, 564 N.E.2d 1222, 1226 (Ill. 1990). Plaintiff contends that his alleged injuries are not accidental.

5

The Court disagrees. Injury from a co-worker's intentional tort is accidental, in this context, unless the employer "commanded or expressly authorized the [tort]" or the perpetrator is the employer's alter ego. *McPherson v. City of Waukegan*, 379 F.3d 430, 442 (7th Cir. 2004); *id.* at 1226-27. Plaintiff argues that Liao is Avon's alter ego because he knew about Molina's conduct but failed to stop it. *See Toothman v. Hardee's Food Sys., Inc.*, 710 N.E.2d 880, 886-87 (Ill. App. Ct. 1999) (stating that an employee is an alter ego if he is both the tortfeasor and an officer of the company, a manager who knew about and did not stop the tortious conduct or knew that it was likely to occur or a manager to whom the employer gave wholly unfettered control over the affected portion of its operations). Plaintiff makes two allegations to that effect, "[d]efendant[] had notice of the assaults and batteries" and "could have prevented [Molina's] extreme and outrageous conduct" (Compl. ¶¶ 108, 119), but they are wholly conclusory and conflict with his specific allegations. (*See id.* ¶¶ 35-45 (alleging that Molina started harassing him in August 2008 and plaintiff did not tell his supervisor about it until January 8, 2009).) In short, plaintiff's allegations do not support the inference that his alleged injuries were intentional. Thus, the tort claims he asserts against Avon are preempted by the Workers' Compensation Act.[1]

---

[1]Given the Court's conclusion on this issue, it need not address plaintiff's contention that his injuries are not compensable under the Act.

**Conclusion**

For the reasons set forth above, the Court denies Harbor Quest's motion to dismiss [doc. no. 25], grants Avon's motion to dismiss [doc. no. 20] and dismisses without prejudice the assault and battery and IIED claims plaintiff asserts against Avon. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend those claims in accordance with it. If he fails to do so in that time, the Court will dismiss those claims with prejudice.

**SO ORDERED.**                          **ENTERED:**

**January 6, 2011**

                                             **HON. RONALD A. GUZMAN**
                                             **United States District Judge**